# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSETTE DENISE HOLGUIN,
Appellant,
vs.
JOHN ANDRE HOLGUIN,
Respondent.

No. 81373

FILED

JUL 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a decree of divorce.[1] Eighth Judicial District Court, Family Court Division, Clark County; Lisa M. Brown, Judge.

First, appellant contends that the district court erred when it failed to award her a survivorship interest in respondent's PERS retirement benefit, and that it abused its discretion when it did not make specific findings in support of that decision. However, Nevada does not consider a survivorship interest to be a community property asset and, as such, does not require a divorce decree to provide a former spouse with a survivor beneficiary interest. As this court has previously held, "unless specifically set forth in the divorce decree, an allocation of a community property interest in the employee spouse's pension plan does not also entitle the nonemployee spouse to survivor benefits." *Henson v. Henson*, 130 Nev. 814, 815-16, 334 P.3d 933, 934 (2014); *see also id.* at 820, 334 P.3d at 937 (noting that "...the only pension benefit the nonemployee spouse is guaranteed to receive is his or her community property interest in the unmodified service retirement allowance calculated pursuant to NRS 286.551 and payable

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-21306

through the life of the employee spouse."). Thus, we affirm the district court's decision denying appellant's request for a survivor benefit as substantial evidence supports the division of respondent's PERS benefit. *See Kilgore v. Kilgore*, 135 Nev. 357, 359-60, 449 P.3d 843, 846 (2019) (reciting the well-established rule that this court reviews factual findings deferentially, but conclusions of law de novo). The district court was not required to make specific findings where its final division effectuated an equal distribution, pursuant to NRS 125.150(1)(b).

Next, appellant assigns error to the district court's failure to address her requests for an equal division of respondent's vacation, sick, and holiday pay. Respondent answers that appellant failed to raise the issue below as a mistakenly omitted asset under NRS 125.150(3). Although appellant requested an equal share in her pretrial memorandum and at trial, the divorce decree lacked specific findings or a decision regarding respondent's vacation, sick, and holiday pay. Because respondent's leave accrued during the marriage, the district court was required to distribute the community property equally unless it found a compelling reason not to and provided its reasoning in writing. *See* NRS 125.150(1)(b); *Kilgore*, 135 Nev. at 366, 449 P.3d at 850 (holding that "vacation and sick pay earned and accrued during a marriage are community property and subject to equal division under NRS 125.150(1)(b)"). Accordingly, we reverse and remand this matter to the district court for further proceedings to adjudicate appellant's requests regarding respondent's accrued vacation, sick, and holiday pay as a community property asset under established law. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND for proceedings consistent with this order.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                                          Herndon


cc:    Hon. Lisa M. Brown, District Judge, Family Court Division
       Ara H. Shirinian, Settlement Judge
       The Abrams & Mayo Law Firm
       Kelleher & Kelleher, LLC
       Mario D. Valencia
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A